**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 05-4302**

—————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GARY LEE MORTON,

Defendant - Appellant.

—————

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (CR-04-790)

—————

Submitted:  November 28, 2005      Decided:  December 30, 2005

—————

Before LUTTIG and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

—————

Affirmed by unpublished per curiam opinion.

—————

William F. Nettles, IV, Assistant Federal Public Defender, Florence, South Carolina, for Appellant.  Arthur Bradley Parham, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Gary Lee Morton pled guilty to conspiracy to traffic in and use unauthorized access devices to obtain money, goods, and services valued at over $1000, in violation of 18 U.S.C. § 371 (2000). He was sentenced to forty-three months of imprisonment. On appeal, his attorney has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), raising the issue of whether the court fully complied with Fed. R. Crim. P. 11 in accepting Morton's guilty plea, and whether his sentence was reasonable. Although advised of his right to do so, Morton has not filed a supplemental pro se brief.

Because Morton did not move in the district court to withdraw his guilty plea, his challenge to the adequacy of the Rule 11 hearing is reviewed for plain error. <u>See</u> <u>United States v. Martinez</u>, 277 F.3d 517, 525 (4th Cir. 2002) (holding that "plain error analysis is the proper standard for review of forfeited error in the Rule 11 context"). Before a reviewing court may correct a trial error to which there was no contemporaneous objection, three factors must be shown: (1) there was error, (2) the error was plain, and (3) the error affected substantial rights. <u>See</u> <u>United States v. Olano</u>, 507 U.S. 725, 732 (1993). If these three factors are satisfied, an appellate court should exercise its discretion to correct the error when the error "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'"

Id. at 736 (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936)). Our review of the plea hearing transcript reveals that the district court conducted a thorough Rule 11 colloquy that assured Morton's plea was made both knowingly and voluntarily. See United States v. DeFusco, 949 F.2d 114, 117, 120 (4th Cir. 1991). Accordingly, we find Morton's guilty plea was knowing and voluntary and properly accepted by the district court.

Morton also contends that his sentence was unreasonable. After the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005) (noting after Booker, sentencing courts should determine the sentencing range under the guidelines, consider the other factors under § 3553(a), and impose a reasonable sentence within the statutory maximum). However, in determining a sentence post-Booker, sentencing courts are still required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C. § 3553(a) (2000). Id.

As stated in Hughes, this court will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Id. at 546-47. This court has further stated that "while we believe that the appropriate circumstances for imposing a sentence outside the guideline range will depend on the

facts of individual cases, we have no reason to doubt that most sentences will continue to fall within the applicable guideline range." United States v. White, 405 F.3d 208, 219 (4th Cir.), cert. denied, 74 U.S.L.W. 3302 (U.S. Nov. 14, 2005) (No. 05-6981). We find the district court properly calculated the guideline range and appropriately treated the guidelines as advisory. The court sentenced Morton only after considering and examining the sentencing guidelines and the factors set forth in § 3553(a). The court also clearly articulated its rationale for the sentence imposed. Based on these factors, and because the court sentenced Morton within the applicable guideline range and the statutory maximum, we find that Morton's sentence of forty-three months of imprisonment is reasonable.

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm Morton's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED